IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TERRY MURRELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  2:21-cv-00647-MHT-CWB |
| | ) |
| **R AND H SUPPLY,** | ) |
| | ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a Motion to Dismiss (Doc. 6) filed by Defendant R & H Supply Company.  Pursuant to 28 U.S.C. § 636, Senior United States District Judge Myron H. Thompson previously referred this case to the Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate."  (Doc. 4).  For the reasons set forth below, the undersigned Magistrate Judge recommends that the Motion to Dismiss (Doc. 6) be granted and that the case be dismissed without prejudice.

**I.**     **Background**

Plaintiff Terry Murrell is an African-American male who formerly was employed as a delivery driver/warehouse worker for R & H. (Doc. 1-2, at 3).  Murrell alleges that he was constructively discharged by R & H after refusing to make a delivery to a specific customer on April 5, 2021.  (*Id*.).

On June 29, 2021, Murrell filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging that he had been discriminated against based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII").

(Doc. 1-2, at 4).  Apparently before any determination was issued by the EEOC, Murrell commenced a *pro se* civil action in the Circuit Court of Montgomery County, Alabama on August 19, 2021. (Doc. 1-2, at 3).  Asserting that Murrell's claim sounded under Title VII, R & H subsequently removed the case to this court. (Doc. 1).  Murrell has not challenged removal, and the court finds that it possesses subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

Following removal to this court, R & H filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 6). The court directed Murrell to file a response no later than November 30, 2021 (Doc. 7) and, after Murrell failed to do so, afforded a second opportunity for Murrell to submit a response on or before June 30, 2022 (Doc. 8).  No such response was ever submitted; therefore, the court will construe Murrell's claim to have been properly characterized by R & H as arising exclusively under Title VII.

## II. Legal Standard

R & H frames its Motion to Dismiss as one under Federal Rule of Civil Procedure 12(b)(6). To the extent the motion is premised upon a failure to exhaust administrative remedies, however, the court notes that Rule 12(b)(6) technically does not encompass the argument.  *See Milner v. City of Montgomery*, No. 2:19CV799, 2021 WL 218728, *2 (M.D. Ala. January 21, 2021) ("'[M]otions to dismiss for failure to exhaust are not expressly mentioned in Rule 12(b).'") (quoting *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008)).  Rather, exhaustion of administrative remedies is a matter of "judicial administration" to be resolved as an issue of abatement under Rule 12(b) generally—despite not being specifically enumerated in any subsection thereof.  *See Bryant*, 590 F.3d at 1375-76.  When deciding a motion to dismiss for

failure to exhaust, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant*, 530 F.3d at 1376.  In that regard, the court notes that Murrell was afforded multiple opportunities to provide additional information and materials on the exhaustion issue.

### III.   Discussion

A plaintiff alleging discrimination under Title VII must exhaust administrative remedies before bringing a civil action.  *See, e.g., Wilkerson v. Grinnel Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).  To exhaust such remedies, a plaintiff must file a charge of discrimination with the EEOC within 180 days after the alleged improper employment action. *See* 42 U.S.C. § 2000e-5(e)(1); *Shi v. Montgomery*, 679 F. App'x 828, 831 (11th Cir. 2017) ("Alabama is a non-deferral state.  For a charge to be timely in non-deferral states, it must be filed within 180 days of the last discriminatory act.") (internal citations omitted). "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citation omitted and alteration in original).

A civil action that presents a Title VII claim can be brought only after the EEOC has notified the plaintiff of its administrative determination.  42 U.S.C. § 2000e-5(f)(1); *Burnett v. City of Jacksonville, FL*, 376 F. App'x 905, 906 (11th Cir. 2010) ("'Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge.'") (quoting *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567

3

(11th Cir.1996) (cleaned up)).  The EEOC's investigative process generally should last no longer than 180 days, and "if, after the expiration of 180 days, the charge has not been dismissed and no other action has been taken by the EEOC, the EEOC is required to notify the claimant and that claimant may bring suit in district court within 90 days thereafter." *Forehand*, 89 F.3d at 1567 (citing 42 U.S.C. § 2000e-5(f)(1)).

R & H contends that Murrell failed to exhaust his administrative remedies under Title VII prior to filing suit.  Although the record reflects that Murrell did timely submit a Charge of Discrimination to the EEOC on June 29, 2021 (51 days after the alleged wrongful act), there is no allegation in the complaint that the EEOC had completed its investigation or issued a right- to-sue letter at the time Murrell commenced civil proceedings on August 19, 2021.  Nor has Murrell provided any supplemental information or evidence regarding the outcome of the EEOC investigation in response to the pending Motion to Dismiss.

It is well settled in this circuit that plaintiffs bear the initial burden of alleging that all perquisites to filing suit have been met. *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) ("[A] plaintiff must generally allege in his complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'") (citing Fed. R. Civ. P. 9(c)); *Burnett v. City of Jacksonville, FL*, 376 F. App'x 905, 907 (11th Cir. 2010) (affirming dismissal of *pro se* complaint where plaintiff "did not generally allege that she exhausted her administrative remedies," specifically noting that the "complaint did not allege that she filed a complaint with the EEOC or that she was issued a right-to-sue letter prior to filing the instant lawsuit.").  Not only that, when a defendant expressly denies that the plaintiff has fulfilled those prerequisites, "the burden of proof is on the plaintiff to prove that he has." *Rizo v. Alabama Dep't of Hum. Res.*,

228 F. App'x 832, 836 (11th Cir. 2007) (citing *Jackson*, 678 F.2d at 1010). Here, however, Murrell failed to satisfy his burden at either stage.

### IV.     Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that the Motion to Dismiss (Doc. 6) filed by R & H be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that, by August 18, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of August 2022.

                         /s/ Chad W. Bryan
                         **CHAD W. BRYAN**
                         **UNITED STATES MAGISTRATE JUDGE**